TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00485-CR






Jose Maria Torres, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 8325, HONORABLE CHARLES HEARN, JUDGE PRESIDING







 A jury found Jose Maria Torres guilty of four counts of aggravated sexual assault
of a child. See Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2000). The jury assessed
punishment at concurrent terms of 99 years for each count. Appellant raises one issue on appeal
contending that the trial court erred in allowing Deborah Keith to testify as the outcry witness. 
We will affirm the judgment of conviction.


Background


 On July 9, 1997, the five-year-old complainant told her aunt, Linda Veitch, and
her great-aunt, Katherine Elliott, that appellant, the complainant's mother's boyfriend, had
touched her "in the privates." A child abuse report was made and on July 11, 1997, Deborah
Keith, the executive director and interviewer at the Hill Country Children's Advocacy Center,
interviewed the complainant about possible sexual abuse. Based on the report and the interview,
appellant was charged with four counts of aggravated sexual assault. 

 At trial, the State called Keith to testify. Appellant objected and requested a
hearing out of the jury's presence to determine whether Keith was the first outcry witness. See
Tex. Code Crim. Proc. Ann. art. 38.072, § 1 (West Supp. 2000). At the hearing, appellant
argued that the proper outcry witnesses were Veitch and Elliott. In support of this claim,
appellant introduced into evidence Elliott's voluntary statement which provided, 


Wednesday July 9, 1997 between 4 & 5 o'clock [complainant] got into trouble for
knocking over the candy dish. She sat down and started to hug herself and shake. 
Linda sat her down and we started to talk to her and tell her she did not need to be
afraid. That we love her and we would not hurt her. Linda ask[ed] her had
anyone ever hurt her or touch her in the pervices [sic]. She said yes. Linda asked
if her dad or Jackie or her mom or grandad or grandma had touch[ed] her. She
said no. Linda ask[ed] if Joe [appellant] had touched her. She said yes. Linda
asked her how many times. She said a lot of times. We told her we would talk
to her mother to get some help for her.



 The State contended that Keith was the proper outcry witness because, unlike the
complainant's statements to Veitch and Elliott, her statements to Keith set forth specific details
of the offense. Keith testified at the hearing that the complainant told her that appellant touched
her with his finger inside of her clothes while she was sleeping on her blanket in the living room;
appellant touched her inside her vagina; appellant came in at nighttime and put his finger in her
anus while she slept on her stomach on the floor; appellant put his finger in her vagina and anus
on different occasions; and once when the complainant's mother was at work appellant took her
out of her crib and put her in bed with him and touched her vagina. After the hearing, the court
determined that Keith was a proper outcry witness and allowed her to testify about what the
complainant told her. 


Discussion


 In his sole issue, appellant contends that the trial court erred in ruling that Keith
could testify as an outcry witness. The trial court has broad discretion in the admissibility of
evidence, and we will not disturb the trial court's ruling unless there is a clear abuse of discretion
established on the record. See Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); Reed
v. State, 974 S.W.2d 838, 839 (Tex. App.--San Antonio 1998, pet. ref'd). 

 Certain hearsay testimony is allowed in the prosecution of offenses committed
against children twelve years old and younger. See Tex. Code Crim. Proc. Ann. art. 38.072, § 1. 
Article 38.072 allows hearsay statements made (1) by the child against whom the offense was
committed; (2) to the first person, eighteen years of age or older, to whom the child made a
statement about the offense. Id. at § 2(a). The court of criminal appeals has determined that
under this provision an outcry witness is the first adult to whom the child makes a statement that
"in some discernable manner describes the alleged offense." Garcia, 792 S.W.2d at 91. The
Garcia court declined to read "a statement about the offense" in article 28.072 as meaning any
statement that arguably relates to what later evolves into an allegation of child abuse against a
particular person. Id. The statement must be more than a general allusion or allegation that
something in the area of child abuse occurred. Id. 

 Appellant contends that the complainant's statement to Veitch described in some
discernable manner the alleged offense and was more than a general allusion that abuse occurred.
Appellant contends that, consequently, Veitch was the proper outcry witness and not Keith. 

 In Garcia, the seven-year-old complainant was living with her mother and her step-father, Garcia. When the complainant's first-grade teacher, Betty Ramirez, asked if anyone in
the class had ever had someone touch their private parts or treat them in a bad way that they felt
was wrong but that they were afraid to talk about, the complainant said that she was having
problems at home. See id. at 89-90. Later at trial, the State sought to designate as an outcry
witness under article 28.072 Herman Muniz, a child protective specialist, who interviewed the
complainant. At a hearing outside the jury's presence, Muniz testified in detail about the
complainant's description to him of the alleged offense. The court of criminal appeals held that
Muniz was the proper outcry witness even though he was not the first adult to whom the
complainant alluded to sexual abuse. The complainant's statements to Muniz were explicit and
provided more than an allusion to sexual abuse.

 In Reed, the complainant's father, Wayne Schoppe, testified that the complainant
came into his room after being at Reed's house. The complainant told him that Reed had touched
her between her legs and that the touching occurred while Reed was giving her rides on his riding
lawnmower. See Reed, 974 S.W.2d at 841. The trial court ruled that Schoppe was a proper
outcry witness. On appeal, Reed argued that Schoppe should not have been designated as the
outcry witness but that Judy Brown, a social worker who later interviewed the complainant, was
the proper outcry witness. The appellate court affirmed the trial court's ruling. The court of
appeals held that generally cases in which the first person told about an incident of abuse was not
designated as the outcry witness involved situations where the first statements were nothing more
than a general allusion to abuse. See id. Because the complainant told Schoppe how, when, and
where Reed had touched her, thereby describing in a discernable manner the alleged offense, the
Reed court held that the trial court did not abuse its discretion in ruling that Schoppe was a proper
outcry witness. See id. 

 According to Elliott's written statement, the portions relating to sexual abuse
included Veitch asking the complainant if anyone had ever hurt her or touched her in the privates,
to which the complainant responded, "yes," indicating that appellant had done so. We hold that
the complainant's statements to Veitch and Elliott alluded to sexual abuse rather than explaining
in any discernable manner the alleged offense and how, when, and where appellant touched her.
The complainant's statements to Keith, however, were quite detailed about the alleged offense and
explicitly provided how, when, and where appellant touched her. We hold that the trial court did
not abuse its discretion in determining that Keith was the proper outcry witness. Appellant's issue
is overruled. 


 The judgment of conviction is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish



al appeals has determined that
under this provision an outcry witness is the first adult to whom the child makes a statement that
"in some discernable manner describes the alleged offense." Garcia, 792 S.W.2d at 91. The
Garcia court declined to read "a statement about the offense" in article 28.072 as meaning any
statement that arguably relates to what later evolves into an allegation of child abuse against a
particular person. Id. The statement must be more than a general allusion or allegation that
something in the area of child abuse occurred. Id. 

 Appellant contends that the complainant's statement to Veitch described in some
discernable manner the alleged offense and was more than a general allusion that abuse occurred.
Appellant contends that, consequently, Veitch was the proper outcry witness and not Keith. 

 In Garcia, the seven-year-old complainant was living with her mother and her step-father, Garcia. When the complainant's first-grade teacher, Betty Ramirez, asked if anyone in
the class had ever had someone touch their private parts or treat them in a bad way that they felt
was wrong but that they were afraid to talk about, the complainant said that she was having
problems at home. See id. at 89-90. Later at trial, the State sought to designate as an outcry
witness under article 28.072 Herman Muniz, a child protective specialist, who interviewed the
complainant. At a hearing outside the jury's presence, Muniz testified in detail about the
complainant's description to him of the alleged offense. The court of criminal appeals held that
Muniz was the proper outcry witness even though he was not the first adult to whom the
complainant alluded to sexual abuse. The complainant's statements to Muniz were explicit and
provided more than an allusion to sexual abuse.

 In Reed, the complainant's father, Wayne Schoppe, testified that the complainant
came into his room after being at Reed's house. The complainant told him that Reed had touched
her between her legs and that the touching occurred while Reed was giving her rides on his riding
lawnmower. See Reed, 974 S.W.2d at 841. The trial court ruled that Schoppe was a proper
outcry witness. On appeal, Reed argued that Schoppe should not have been designated as the
outcry witness but that Judy Brown, a social worker who later interviewed the complainant, was
the proper outcry witness. The appellate court affirmed the trial court's ruling. The court of
appeals held that generally cases in which the first person told about an incident of abuse was not
designated as the outcry witness involved situations where the first statements were nothing more
than a general allusion to abuse. See id. Because the complainant told Schoppe how, when, and
where Reed had touched her, thereby describing in a discernable manner the alleged offense, the
Reed court held that the trial court did not abuse its discretion in ruling that Schoppe was a proper
outcry witness. See id. 

 According to Elliott's written statement, the portions relating to sexual abuse
included Veitch asking the complainant if anyone had ever hurt her or touched her in the privates,
to which the complainant responded, "yes," indicating that appellant had done so. We hold that
the complainant's statements to Veitch and Elliott alluded to sexual abuse rather than explaining
in any discernable manner the alleged offense and how, when, and where appellant touched her.
The complainant's statements to Keith, however, were quite detailed about the alleged offense and
explicitly provided how, when, an